**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TWIN PAK, LLC, | ) |
| | ) |
| Plaintiff, | )    Case No. |
| | ) |
| v. | ) |
| | ) |
| AGCO CORPORATION. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Twin Pak, LLC ("**Twin Pak**") submits this Complaint against Defendant AGCO

Corporation ("**AGCO**") for infringement of U.S. Patent No. 12,256,676 (the "'**676 Patent**") and

alleges as follows.

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 1 *et seq.* Twin Pak seeks injunctive relief, compensatory damages in an

amount no less than a reasonable royalty, lost profits, enhanced damages for willful infringement,

pre- and post-judgment interest, and attorneys' fees and costs.

2. Twin Pak's founder and inventor, Jason Grady, solved a problem the small-square

hay baling industry had long failed to solve: how to produce two small-square bales simultaneously

in a single bale chamber to more than double the per-machine output without sacrificing the quality

of the hay bales produced.

3. Mr. Grady's solution—a vertically-oriented stationary splitting knife extending

through a double-wide bale chamber—is protected by the '676 Patent and is embodied in Twin

Pak's commercial double balers.

1

4. AGCO's infringing double baler, the Massey Ferguson SB.1436DB, copies the patented features of Twin Pak's commercial products and is taking the market for the double balers that Twin Pak built.

5. AGCO's infringement has decimated Twin Pak's sales, forced layoffs at Twin Pak's assembly line in Farmington, New Mexico, and will force Twin Pak out of business absent the relief sought herein.

**PARTIES, JURISDICTION, AND VENUE**

6. Plaintiff Twin Pak, LLC is a New Mexico limited liability company with its principal place of business at 1515 W Murray Dr., Farmington, New Mexico. Twin Pak designs, manufactures, and sells double balers practicing the '676 Patent.

7. Defendant AGCO Corporation is a Delaware corporation with its principal place of business at 4205 River Green Parkway, Duluth, Georgia 30096. AGCO sells equipment under multiple brand names, including its wholly owned Massey Ferguson and Hesston brands.

8. AGCO operates a manufacturing facility located at 420 W. Lincoln Blvd., Hesston, Kansas 67062 (the "**Hesston Facility**"), where it manufactures hay and forage equipment, and upon information and belief, the accused Massey Ferguson SB.1436DB double baler.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

10. This Court has personal jurisdiction over AGCO because, among other things, AGCO maintains a continuous and systematic physical presence in the District of Kansas through the Hesston Facility, regularly conducts and solicits business in this district, and upon information and belief, manufactures the accused infringing product in this district, and has committed acts of infringement in this district.

2

11. Venue is proper pursuant to 28 U.S.C. § 1400(b) because AGCO has committed acts of infringement in this District and has a regular and established place of business in this District. More specifically, upon information and belief, AGCO manufactures the accused SB.1436DB double baler at its Hesston Facility, employs personnel at the Hesston Facility, and holds out the Hesston Facility as a permanent location of its business under the Hesston and Massey Ferguson brands. AGCO further commits acts of infringement in this District by offering to sell and selling the Accused Product to customers in this District through its network of authorized Hesston and Massey Ferguson dealers in Kansas.

## FACTUAL BACKGROUND

12. Small-square hay bales have been a fixture of American agriculture for nearly a century. They are valuable because end users can handle them by hand and ship them efficiently in conventional vans and containers without the need for specialized or industrial-scale farming equipment.

13. Small-square bales command a market premium over larger bales. Historically, however, that premium was offset by the disproportionate cost of producing them, as a single small-square baler could process only a fraction of the tonnage of a large-square baler in the same amount of time, requiring more machines, more operators, more fuel, and more time per ton harvested.

14. The window for harvesting high-quality hay is narrow—often only a few hours per day—making baler speed and capacity a direct determinant of crop quality and profitability.

### *Mr. Grady's Invention and the '676 Patent*

15. Mr. Grady is a lifelong custom hay harvester. He grew up in the hay fields of his family's custom-baling operation and has spent his career working with, modifying, and improving

3

balers.

16.    Mr. Grady conceived of placing a stationary vertical splitting knife at the midpoint of a double-wide bale chamber, oriented at a right angle to the lateral axis of the bale chamber floor and parallel to the chamber's vertical side walls. As the plunger advanced, crop material would be pushed past the splitting knife, forming two square bales on opposing sides of the knife.

17.    Mr. Grady's invention is described and claimed in the '676 Patent entitled Baling Apparatus and Method and was duly and lawfully issued by the U.S. Patent and Trademark Office on March 25, 2025. A true and correct copy of the '676 Patent is attached as **Exhibit 1**.

18.    The '676 Patent claims priority through a parent application filed on July 2, 2018.

19.    Twin Pak is the owner by assignment of all right, title, and interest in and to the '676 Patent, including the exclusive right to sue for and recover damages for past, present, and future infringement. A true and correct copy of the recorded assignment is attached as **Exhibit 2**.

20.    The '676 Patent is presumed valid under 35 U.S.C. § 282.

### Twin Pak's Commercialization

21.    Twin Pak began commercial sales of its 3-tie double balers in 2019.

22.    Twin Pak introduced its 2-tie TwinPak$^{TM}$ double baler in 2023.

23.    Twin Pak's balers are marked with the '676 Patent in compliance with 35 U.S.C. § 287.

24.    Twin Pak has not licensed the '676 Patent to any third party. Rather it has invested in engineering, tooling, and assembly-line capacity at its Farmington, New Mexico facility to make its 2-tie balers while its 3-tie balers are built by a third party in Oregon.

25.    Twin Pak distributes its balers through a strategic partnership with John Deere (Deere & Company).

4

*AGCO's Access to Twin Pak's Invention*

26.     AGCO is a large agricultural equipment manufacturer, with net sales of approximately $10 billion in 2025. Through its Hesston and Massey Ferguson brands, AGCO competes directly with Twin Pak in the small-square double baler market.

27.     After inspecting Twin Pak's balers, AGCO developed its copy of Twin Pak's patented design.

*AGCO's Manufacture & Sale of the Accused Product*

28.     AGCO designs, manufactures, markets, sells, and offers for sale a double baler designated as the Massey Ferguson SB.1436DB (the "**Accused Product**").

29.     Upon information and belief, AGCO manufactures the Accused Product at the Hesston Facility.

30.     AGCO publicly launched the Accused Product in February 2025 and ramped up commercial sales in 2026.

31.     The Accused Product incorporates a stationary splitting knife extending vertically through a double-wide bale chamber, attached to the chamber floor and roof, configured to split incoming crop material into two small-square bales as the plunger advances.

*AGCO's Pre-Suit Knowledge and Notice of Infringement*

32.     On November 11, 2025, counsel for Twin Pak sent AGCO a written notice identifying the '676 Patent and Twin Pak's intellectual property rights in the patented invention (the "**November 11 Letter**"). A true and correct copy of the November 11 Letter is attached as **Exhibit 3**. AGCO did not respond to the November 11 Letter.

33.     Notwithstanding AGCO's receipt of the November 11 Letter, AGCO has continued to manufacture, market, and sell the Accused Product.

*Harm to Twin Pak*

34.    Twin Pak and AGCO are direct competitors in the United States double-baler market.

35.    Since AGCO's full commercial launch of the Accused Product in 2026, Twin Pak's 2-tie baler sales have collapsed to nearly zero despite trending positively throughout 2024 and 2025.

36.    Twin Pak has been forced to lay off the majority of its 13-person assembly-line workforce in Farmington, New Mexico.

37.    AGCO has undercut Twin Pak's pricing on the Accused Product, causing price erosion in a small, finite market.

38.    Twin Pak does not license the '676 Patent and has, instead, elected to enforce its exclusive rights. Monetary damages alone are inadequate to remedy the ongoing irreparable harm to Twin Pak's business, reputation, customer relationships, and dealer network.

## CLAIMS FOR RELIEF

### Count 1
### Violation of 35 U.S.C. § 271(a)
Infringement of U.S. Patent No. 12,256,676

39.    Twin Pak incorporates the preceding paragraphs as if fully set forth herein.

40.    AGCO has directly infringed, and continues to directly infringe Claim 1 of the '676 Patent by making, using, offering to sell, selling, and/or importing the Accused Product within the United States during the term of the '676 Patent in violation of 35 U.S.C. § 271(a).

41.    The Accused Product practices each and every limitation of Claim 1 of the '676 Patent. A detailed claim chart mapping Claim 1 to the Accused Product is attached as **Exhibit 4** and is incorporated herein by reference.

42.    To the extent any limitation of Claim 1 is not literally met by the Accused Product,

the Accused Product infringes under the doctrine of equivalents because any such difference is insubstantial and the Accused Product performs substantially the same function in substantially the same way as to achieve substantially the same result as the claimed invention.

43.    AGCO's infringement has caused, and unless enjoined will continue to cause, substantial and irreparable harm to Twin Pak for which there is no adequate remedy at law.

### Count 2
### Willful Infringement
Infringement of U.S. Patent No. 12,256,676

44.    Twin Pak incorporates the preceding paragraphs as if fully set forth herein.

45.    AGCO's infringement of Claim 1 of the '676 Patent has been, and continues to be, willful, deliberate, and egregious.

46.    AGCO inspected Twin Pak's balers and copied Twin Pak's splitting knife invention that is claimed in the '676 Patent.

47.    AGCO had pre-suit knowledge of the '676 Patent and Twin Pak's patented invention by virtue of, among other things: Twin Pak's November 11 Letter.

48.    Despite this knowledge, AGCO continued to manufacture, market, and sell the Accused Product and, upon information and belief, continues to develop infringing products, including a 3-tie copy currently in field testing.

49.    AGCO's conduct evinces a deliberate and conscious decision to copy Twin Pak's patented invention and to free ride on Twin Pak's investment. AGCO's conduct warrants enhanced damages under 35 U.S.C. § 284 and a finding that this is an exceptional case under 35 U.S.C. § 285.

### Count 3
### Indirect Infringement
Infringement of U.S. Patent No. 12,256,676

50.    Twin Pak incorporates the preceding paragraphs as if fully set forth herein.

7

51.    AGCO has actively induced, and continues to induce, infringement of Claim 1 of the '676 Patent under 35 U.S.C. § 271(b) by, among other things, instructing and encouraging its dealers and end users to use the Accused Product in a manner that infringes Claim 1 of the '676 Patent through user manuals, operator training materials, marketing communications, and technical support services.

52.    AGCO has contributed, and continues to contribute, to infringement of Claim 1 of the '676 Patent under 35 U.S.C. § 271(c) by offering for sale and selling within the United States the Accused Product and components thereof that constitute a material part of the patented invention, knowing the same to be especially made or adapted for use in an infringement of the '676 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

53.    AGCO acted with knowledge of the '676 Patent and with knowledge that the induced and contributory acts constitute infringement.

**Count 4**
**Injunctive Relief Pursuant to 35 U.S.C. § 283**
Infringement of U.S. Patent No. 12,256,676

54.    Twin Pak incorporates the preceding paragraphs as if fully set forth herein.

55.    Under 35 U.S.C. § 283, this Court may grant injunctions in accordance with the principles of equity to prevent the violation of rights secured by patent on such terms as the Court deems reasonable.

56.    AGCO's continued manufacture, use, offer for sale, sale, and/or importation of the Accused Product, and any product no more than colorably different therefrom, violates Twin Pak's rights in the '676 Patent and will continue to cause Twin Pak irreparable harm unless enjoined.

57.    Twin Pak has no adequate remedy at law because AGCO's infringement threatens

8

Twin Pak's market share, pricing, customer relationships, goodwill, dealer relationships, and ability to continue commercializing its patented technology.

58.  The balance of hardships favors Twin Pak because AGCO has no legitimate interest in continuing to infringe the '676 Patent, whereas Twin Pak will suffer continuing and irreparable injury absent injunctive relief.

59.  The public interest favors enforcement of valid patent rights and supports an injunction preventing further infringement of Claim 1 of the '676 Patent.

60.  Twin Pak is therefore entitled to preliminary and permanent injunctive relief enjoining AGCO and all persons acting in concert with it from further infringement of Claim 1 of the '676 Patent.

## REQUEST FOR RELIEF

Twin Pak respectfully requests that this Court enters judgment in its favor and against AGCO as follows:

A.  A judgment that AGCO has directly infringed, induced infringement of, and contributed to infringement of Claim 1 of the '676 Patent;

B.  A judgment that AGCO's infringement of Claim 1 of the '676 Patent has been willful;

C.  A preliminary and permanent injunction enjoining AGCO, and all those acting in concert with it, from further infringement of Claim 1 of the '676 Patent, including making, using, offering to sell, selling, or importing the Accused Product or any product no more than colorably different therefrom;

D.  An award of damages adequate to compensate Twin Pak for AGCO's infringement, including lost profits and in no event less than a reasonable

9

royalty, together with pre- and post-judgment interest, pursuant to 35 U.S.C. § 284;

E.     An award of enhanced damages, up to and including treble damages, pursuant to 35 U.S.C. § 284;

F.     A finding that this is an exceptional case and an award of Twin Pak's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.     An award of Twin Pak's costs of suit, and;

H.     Any other further relief that the Court deems just and proper.

## JURY DEMAND

Twin Pak demands a trial by jury on all issues so triable.

**Dated**:  July 14, 2026            Respectfully submitted,

FOULSTON SIEFKIN LLP

*/s/ Clayton J. Kaiser*
Clayton Kaiser, KS #24066
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206
(316) 291-9539
(316) 267-6345 (Fax)
ckaiser@foulston.com

MICHAEL BEST & FRIEDRICH LLP

Jon Trembath*
Robin Jackson*
Daniel Jozwiak*
675 15th Street, Suite 2000
Denver, CO 80202
(720) 240-9515
jrtrembath@michaelbest.com
rajackson@michaelbest.com
daniel.jozwiak@michaelbest.com

*\* Pro hac vice applications forthcoming*

***Counsel for Plaintiff***

11